UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MONICA K. LAM, DOUGLAS RING, <br><br> Defendants. | No. 2:19-cv-00978-KJM-CKD <br><br><br> ORDER |

On May 20, 2019, defendant Douglas Ring,[1] proceeding pro se, removed this unlawful detainer action from Solano County Superior Court. ECF No. 1. Defendant also filed a motion to proceed in forma pauperis. ECF No. 2. As explained below, the court REMANDS the case to the Solano County Superior Court and DENIES as moot the motion to proceed in forma pauperis.

When a "civil action . . . of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28

---

[1] Although both Monica K. Lam and Douglas Ring are named as defendants in this action, only Ring signed the notice of removal and filed a petition to proceed in forma pauperis.

1

U.S.C. § 1332. Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot be based "on an actual or anticipated defense" or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A federal district court may remand a case sua sponte where a removing defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendant's notice of removal asserts the court has federal question jurisdiction and diversity jurisdiction. ECF No. 1 at 1. Defendant also claims the court has "supplemental jurisdiction regarding the other claims in this action Pursuant [sic] to FDCPA 1694f(6) and directly related to federal case 2:19-CV-0709 TLN CKD PS." *Id.* In a request attached to the notice of removal, signed by both Lam and Ring, defendant again asserts federal question jurisdiction, citing "FDCPA 15 USC 1692f(6)" and explaining his federal case alleging "unlawful non-judicial foreclosure under" federal law "include[s] the Plaintiff in this case Breckenridge Property Fund 2016, LLC." *Id.* at 4−5.

Plaintiff's complaint asserts only an unlawful detainer claim, which is a matter of state law. *See id.* at 15−18. Although defendant contends "[t]he complaint filed necessarily hinges on the federal question of whether Plaintiff is acting as a debt collector for an alleged debt," *id.* at 10, the complaint does not mention the Fair Debt Collection Practices Act or any other federal law. Defendant's anticipated defense or counterclaim cannot provide this court with federal question jurisdiction. *See Aurora Loan Servs., LLC v. Trevor*, No. CV 11-07279 MMM JCGX, 2011 WL 6178828, at *4 (C.D. Cal. Dec. 12, 2011) (collecting cases and rejecting similar removal argument). Further, while defendant cites 28 U.S.C. § 1332, ECF No. 1 at 1, nothing before the court indicates that the parties are diverse or that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Finally, the court does not have supplemental jurisdiction over a

state law action asserting a state law claim simply because a separate action involving the same parties is pending in federal court. *Taylor v. Brinckhaus*, No. 18-CV-00804-JCS, 2018 WL 1891454, at *2 (N.D. Cal. Apr. 20, 2018) ("As far as the Court is aware, every court to consider the issue has held that § 1367 does not provide jurisdiction for removal based on claims related to a separate action.").

The court sua sponte finds that it lacks subject matter jurisdiction and REMANDS this case to Solano County Superior Court. The motion for in forma pauperis status is DENIED as MOOT.

IT IS SO ORDERED.

DATED: June 4, 2019.

_____
UNITED STATES DISTRICT JUDGE